UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

August 22, 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| Jitendra Shah, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-12-2126 |
| | § | |
| Texas Department of Criminal Justice, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.   *Introduction.*

A worker has sued his former employer for discrimination and retaliation. He has not shown that its not giving him a raise, firing him, and not re-hiring him was for an illegal reason. Shah will take nothing.

2.   *Background.*

In 1998, Texas Department of Criminal Justice hired Jitendra Shah to be an engineer in its Facilities Division. In an organizational adjustment, the department sent him to the Industries Division; however, he remained on the Facilities division roll for advancement and pay. In April of 2001, the department created a new division – Manufacturing and Logistics – from a merger of the Industries, Transportation, and Supply divisions. The next month, Shah was reassigned to Manufacturing from Facilities.

In October, Shah filed a grievance against John Dawson, deputy director for acquisitions and Shah's co-worker. The complaint was for discrimination based on skin color, race, and national origin. While working together on projects, Dawson and his team disagreed with Shah. They told him that he misunderstood topics and that they were confused by his comments. The department investigated and found no discrimination. The investigator recommended that Shah be less confrontational and more persuasive in advocating his ideas.

From 2003 and continuing for eight years, Shah complained repeatedly about unequal pay; he believed that engineers in the Facilities division at his level were paid more than he was.

In 2009, his supervisor, Rick Thaler, sent two requests to the executive director. The first was a review to reclassify Shah's position to a higher level with more pay. The second was a request to create a career ladder for Shah's position that would give promotions and salary increases based on tenure. The request for the ladder was denied because of his initiation of a review.

In February of 2010, at Shah's urging, the new supervisor, Carlton Hazelwood, sent an amended request, asking that the reclassification review be cancelled and the request for a ladder be reinstated. In October, the department decided to keep Shah's position without a ladder.

Early in 2011, Manufacturing's budget was cut by ten percent. Because Shah's position was one-of-a-kind and because the division rarely needed an engineer, Hazelwood decided that the position would be eliminated.

On March 1, Shah filed a grievance against Hazelwood because of the inequity in pay. A few days later, Shah received a letter dated February 28th that told him he was being laid off, no later than April 15, 2011. The department also denied his grievance because filing a grievance was not the proper way to contest classification, ladder, and salary disputes.

On April 15, his last day of work, he signed a letter of intent to retire on April 30. At the end of June, he applied to be an engineer with the department concentrating on fire alarms. He interviewed in September for the job, but the department did not hire him or anyone.

3.   *Theories.*

Shah is an American citizen who was born in India, is Hindu, and is 71-years old. He has sued the department for (a) not paying him more because of his age, race, national origin, and religion, and then (b) firing him because of his age, race, national origin, and religion; (c) not hiring him because of his age, race, national origin, and religion; and (d) retaliating by firing and not hiring him because he complained of discrimination.

A.    *Pay.*

Shah filed his charge with the Equal Employment Opportunity Commission on June 13, 2011. He may not sue for discrete acts of discrimination occurring before August 13, 2010.[1]

He complains that the discrimination had been on-going since his first grievance in October of 2001. It was not. The grievance he filed in 2001 was about a co-worker, not his pay. After the department finished its investigation, he did not appeal its decision or complain to the commission. It is fully precluded.

Until his charge to the commission, none of his later complaints – not a single one – mentions discrimination based on a protected category. When he talked to co-workers, supervisors, and workers in the human-resources office, he highlighted one problem: he believed that he was being paid less than he deserved – based on his intelligence. His grievances are rife with assertions that his ideas are not respected and that he is smarter than his fellow engineers.

Shah asks the court to stretch his complaints of "pay inequity" to mean "discrimination based on age, race, national origin, and religion." They are not. His saying that his salary was inequitable carries no deeper meaning; he believed that he deserves more money. Complaining about not being paid enough is not automatically a complaint about discrimination. He never complained to anyone in writing that the department was refusing to increase his salary because of who he was – external characteristics. He was complaining that other engineers at his level were being paid more than he was, and he wanted the department to reward him for his good work.

The department denied a raise, and he is Indian, Hindu, and 71. Shah cannot raise an issue that it said no because of these characteristics. He says that his supervisors discriminated by not approving more pay. He asked them to request more money. They may not have asked at a pace he liked, but they did it. Shah does not know why the department said no, much less know that it was because of a protected category.

He complains now that his supervisors were disrespectful. He says that the supervisor in 2009 joked about his accent; this complaint is too late. His grievance in

---

[1] 42 U.S.C. § 2000e-5(e)(1).

March of 2011 against the second supervisor, Hazelwood, said nothing about discrimination. Shah admits that he has a thick accent and has testified that Hazelwood may have been hard of hearing. A co-worker's asking him to repeat himself or having difficulty understanding him is not discrimination. Of course, a supervisor who did not like him would probably not ask the department to pay him more.

That he is a member of a protected category and the department refused to pay him more says nothing of discrimination. He must show that the department refused to pay him more *because* of the protected category. He has not.

B.      *Termination.*

Shah also has not shown a fact to support his claim that he was terminated because he was Indian, Hindu, and 71. He says that the Manufacturing division did not follow the department's policies for a reduction in force and that less qualified engineers in Facilities were not fired.

The question is not whether the department followed the manual on layoffs; it is whether the department fired him for unlawful reasons. The department says that its policy on layoffs covers divisions with many workers at the same level, but that it does not cover one-of-a-kind positions like Shah's. It says that his position was eliminated because the division rarely needed an engineer.

Even if the department did not follow a policy that covered Shah, one cannot infer discrimination from this. Government bureaucracies are riddled with inefficiencies. It may be that the department used judgment to fire a worker whose tasks were marginal compared to others; Shah must show that he was fired for an illegal reason. He has presented no facts to believe that the department's elimination of his position was anything other than a calculated decision because of budget cuts.

He says that the department did not fire less qualified engineers. He claims that he knows that he was better because of casual conversation among the engineers about their education. Water-cooler chats are not evidence. In the year since he has sued, he has never presented facts – education, skills, experience – to show that he was better qualified than others who were kept by the department at a similar level.

The department had its budget cut, and it had to fire workers. Shah was a casualty of this reduction in force because he was in a low-use position. He has

presented nothing to infer that his firing was because he is Indian, Hindu, or 71-years old.

C.     *Hiring.*

Shah has shown nothing to support his claim that he was not hired for the fire-alarm engineer position because of his age, race, national origin, and religion.

He was overwhelmingly unqualified for the position to which he applied. Many of his answers to the questions regarding fire-alarm engineering during his interview were "I don't know." He had never installed or worked on fire alarms, and the only experience he offered was attending a monthly safety meeting. Shah and the other candidate who interviewed for the position were not hired because they were not qualified for the position, not because he is Indian, Hindu, or 71-years old.

D.     *Retaliation.*

Shah complained about discrimination once, in 2001, in his 13 years with the department. The link between his complaint in 2001 – which he did not appeal or complain further about – and his firing in 2011 is too remote.

He says that his complaints about pay inequity were complaints about discrimination. They were not. His grievance in 2011 did not mention his age, race, origin, or religion; it also cannot be the basis for a retaliation claim, since the department had notified him of the scheduled termination before he complained.

He has nothing to show that the department fired him and did not re-hire him as retaliation.

8.    *Conclusion.*

Jitendra Shah has brought a number of claims with no support. He has tried to twist "pay inequity" to mean discrimination and to have a decade-old grievance be the basis for retaliation. The department was forthright with him; it was firing him because of budget cuts. He has presented no story to rebut that explanation. He will take nothing from the Texas Department of Criminal Justice.

Signed on August 22, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge